**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SCOTTSDALE INSURANCE COMPANY,**

        **Plaintiff,**

v.                                                                         Case No.  8:07-cv-1329-T-30MAP

**WAVE TECHNOLOGIES**
**COMMUNICATIONS, INC. ET AL,**

        **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 45), Defendant Ruth Cochran's Response in Opposition thereto (Dkt. 53), Plaintiff's Reply to Ruth Cochran's Response (Dkt. 58), Defendant Viasys Network Services, Inc.'s Response to the Motion for Summary Judgment (Dkt. 54), and Plaintiff's Reply to Viasys Network Services, Inc's Response (Dkt. 59).  The Court, having considered the motions, responses, replies, and being otherwise advised on the premises determines that Plaintiff's Motion for Summary Judgment should be granted.

**Background**

A.     The Insurance Application

In November 2006, Christopher Inadomi contacted retail insurance agent Robert Harding of Adcock-Adcock Insurance Agency, Inc. ("Adcock") via telephone to obtain general liability, umbrella, and workers' compensation insurance on behalf of his

company Wave Technologies Communications, Inc. ("Wave")[1]. During this telephone conversation, Harding and Inadomi discussed information necessary for the general liability insurance application[2]. Inadomi went to Harding's office on December 5, 2006, at which time Inadomi reviewed and signed the application. Sometime between the phone call and the office visit, Harding filled out the application based on the information he discussed with Inadomi.

On the application, Wave misrepresented that they "locate safe areas for cable companies to run cable both new and existing. Surface inspections only. No digging or climbing. Inspections are done visually and by using hand held device to check below ground." Wave further misrepresented that it "draws plans, designs, or specifications for others" and that it did not to do any operations that included "excavation, tunneling, underground work, or earth moving." In response to questions about previous insurance carriers, Wave was falsely described as a new venture with no prior loss history.

This application was submitted to Southern Cross Underwriters, Inc. ("Southern Cross"), which was an underwriter and general agent of Scottsdale Insurance Company ("Scottsdale"). Based on Wave's misrepresentations in the application, Southern Cross

---

[1] Clerk's Entries of Default were entered against Defendants Wave and Rita A. Todd upon motion by Plaintiff Scottsdale Insurance Company. The only remaining defendants are Viasys Network Services, Inc. and Ruth Cochran, individually and as the personal representative of the Estate of Donald F. Cochran.

[2] Applications for the umbrella insurance policy and the workers' compensation insurance policy were also discussed at that time. Those policies were issued by other insurance companies and are not at issue here.

issued the Scottsdale general liability insurance policy to Wave. As a part of the underwriting process, Sutton Inspection Bureau, Inc. ("Sutton") was hired to conduct a telephone survey with Inadomi, the president of Wave. As a result of the survey, Sutton reported the following to Southern Cross:

> "The insured has been in business for 2 years. He is hired by prime contractors as a subcontractor. Operations are communications engineering for phone and cable companies. Subcontractors are hired to assist in operations. COI are required with minimum limits of $1 million. The insured stated he also does some minor construction work, but it's very minimal, this is using a shovel to dig and locate utilities, placing pedastool (sic) pads (little cylinders) over cable equipment, etc. Insured stated the only equipment used in his business is a shovel and a pen & paper. No heavy equipment."

(Dkt. 45-6).

B.   The Accident

At some point prior to Wave's insurance application, Wave entered into a subcontract agreement with Defendant Viasys Network Services, Inc. ("Viasys") for a project known as "Verizon Florida: Fiber to Premises Construction (FTTP): Job Number 3-01-8000" ("FTTP project"). Wave's work on this project included verifying underground conduit systems for Verizon phone lines, protecting the phone lines, digging up and moving phone lines if they were in the way of road construction, and removing

empty conduit lines.. In this work, Wave used various forms of excavators, backhoes, and other heavy machinery.

On April 21, 2007, Augustin Palma-Trejo, an employee and/or subcontractor of Wave, was driving a backhoe at the job site on U.S. 19 in Pinellas Park, FL, when he was involved in an accident with a pickup truck driven by Donald Cochran. After the backhoe and the truck collided, a car driven by Rita Todd swerved to avoid the truck and hit a concrete road divider. Donald Cochran was pronounced dead at the scene. Todd sustained injuries and both the car and the truck were damaged as a result of the accident.

This action arises out a Complaint for Declaratory Judgment (Dkt. 1) filed by Scottsdale seeking a judicial declaration of its right to rescind Wave's insurance policy under Florida Statute 627.409[3] and their rights and obligations with regard to Wave and the other parties arising from the April 21, 2007 accident.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the

---

[3] Since this Court has jurisdiction over this matter based on diversity jurisdiction, the court applies the substantive law of Florida. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex Corp., 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, a conflict in substantial evidence to pose a jury question must exist. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**Discussion**

A.   Waiver/Estoppel

Florida law allows an insurer to rescind an insurance policy if the insured made a "misrepresentation, omission, concealment of fact, or incorrect statement" on an application for insurance and one of the following apply:

> "(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss."

Fla. Stat. 627.409. Forfeiture of rights under an insurance policy is not favored under the law when the forfeiture is sought after an event giving rise to the insurer's liability. Johnson v. Life Ins. Co., 52 So.2d 813, 815 (Fla. 1951). However, the insurer is not considered to have waived its right of rescission unless it has acted as though the policy is still in effect even with full knowledge of the misrepresentations. Id.

It is not disputed that Wave misrepresented the character and nature of its business in order to obtain the policy. It is also not disputed that had Scottsdale been aware of the

misrepresentations, it would not have issued the policy or it would have issued a different policy at a different premium. Rather, Defendants Viasys and Ruth Cochran ("Defendants") argue that Scottsdale waived its right to rescind because they had actual or imputed knowledge of Wave's misrepresentations and Scottsdale or its agent failed to exercise due diligence in performing the underwriting inquiry.

Waiver may occur when an insurer has knowledge of misrepresentations on the insured's application but acts in way which "recognizes the continued existence of the policy or which is wholly inconsistent with a forfeiture." Johnson at 815. This knowledge can be actual or imputed. Id. If an agent of the insurer has knowledge of the misrepresentations, that knowledge is imputed to the insurer. Id.

Here, Defendants allege that Scottsdale had information about Wave's business operations and prior loss history in its own files from a previous policy that Scottsdale had issued to Wave the year before[4]. However, an insurer is entitled to rely on the representations of the insured even without checking its own files unless some circumstance arises that would call attention to the false statements. Schrader v. Prudential Ins. Co. of America, 280 F.2d 355, 362 (5th Cir. 1960). Defendants do not allege that anything within the application itself would have drawn attention to the misrepresentations or called for further inquiry.

---

[4] The previous policy was also a general liability policy which was to be effective from November 18, 2005 to November 18, 2006. Inadomi obtained this policy from a different retail insurance agent, Nathan Jensen of Paragon Risk Management, Inc. In the application for the 2005-2006 policy, Wave's business operations were accurately described. The 2005-2006 policy was cancelled for non-payment of the premium.

The only factual dispute is whether Harding told Inadomi to lie on the application or if Inadomi made those misrepresentations independently. However, this dispute is not material to this case as a matter of law. Even if Harding knew of the misrepresentations on the application, his knowledge cannot be imputed to Scottsdale. For Harding's knowledge to be imputed to Scottsdale, Harding would have to be an agent of Scottsdale. Johnson at 815. "An insurance broker acts as an agent of the insured, not the insurer, where the broker is employed by the insured to procure insurance." Essex Ins. Co. v. Zota, 985 So.2d 1036, 1046 (Fla. 2008). This is a rebuttable presumption that can be overcome if "indicia of agency" indicating that the broker had a non-standard relationship with the insurer. Id. The insured has the burden of proof on this issue. Id. at 1047.

Here, Defendants have the burden of proving that Harding was actually an agent of Scottsdale, not an agent of Wave. Defendants must come forward with more than a conclusory statement by Inadomi that he believed Harding to be an agent of Scottsdale. Conclusory statements are not sufficient to overcome the burden.

In addition, there is no dispute that Inadomi approved and signed the insurance application with the misrepresentations on it. Inadomi admitted that he knew that the responses on the application were false and those responses were made specifically to obtain the policy. Estoppel cannot be applied against the insurer when the insured was aware of the misrepresentations and made no attempt to remedy the situation. ITT Life Ins. Corp. v. Hernandez, 651 F.Supp. 1408, 1409 (S.D.Fla. 1987). The court in ITT Life accepted and applied the principle that "the doctrine of estoppel may not be used as a

weapon to perpetuate what should otherwise be a textbook fraud." Id. at 1409-1410 (citing Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613 (1916)).

B.     Return of the Premium

Finally, Defendants argue that Scottsdale failed to return Wave's premium within a reasonable time. It is not necessary to make that determination. While it is true that in a rescission action, the insurer would be required to return the premium payment within a reasonable amount of time after learning of the fraud or misrepresentations, return of the premium is not necessary in a declaratory judgment action. Transportation Cas. Ins. Co. v. Soil Tech Distributors, Inc., 966 So.2d 8, 10 (Fla. App. 4 Dist. 2007).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 45) is **GRANTED**.

2. The Clerk is directed to enter **JUDGMENT** in favor of Plaintiff and against Defendants.

3. The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1329.grant msj.frm