# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SCOTTSDALE INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                        Case No. 8:07-cv-1329-T-30MAP

**WAVE TECHNOLOGIES COMMUNICATIONS, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Bill of Costs (Dkt. 212) submitted by Plaintiff Scottsdale Insurance Company ("Scottsdale"), a Memorandum in Opposition to Plaintiff's Bill of Costs (Dkt. 219) submitted by Defendant Viasys Network Services, Inc. ("Viasys"), Defendant Ruth Cochran's[1] joinder of Defendant Viasys' objections (Dkt. 220), and Plaintiff's Reply (Dkt. 223). The Court, having carefully considered the arguments, and otherwise being advised in the premises, concludes that Scottsdale's application for costs should be granted in part, and denied in part, as stated herein.

## Background

Plaintiff Scottsdale is the prevailing party in an insurance action against Defendants Viasys, Ruth Cochran, and others (*See* Dkts. 207, 210, 222). As the prevailing party, Scottsdale now seeks to recover its costs for prosecuting the action.

---

[1] Individually and as the personal representative of the estate of Donald Cochran.

Fed. R. Civ. P. 54(d)(1) establishes a presumption that costs are to be awarded to a prevailing party. *Champion v. AI Transport,* 229 F.3d 1012, 1038 (11th Cir. 2000). It is clear, however, that "a court may only tax costs as authorized by statute." *W & O,* 213 F.3d 600, 620 (11th Cir. 2000); *Scelta v. Deli. Support Servs., Inc.,* 203 F.Supp. 2d 1328, 1339 (M.D. Fla. 2002) ("[C]osts awarded under this rule are limited to the list of items set forth in 28 U.S.C. § 1920 and related statutes.").

Defendants contend that many of the particular costs claimed by Plaintiff are not properly authorized by statute, and thus should not be allowed. In its reply, Plaintiff has withdrawn several of its original claims for costs, conceding some of Defendants' objections. The Court will only analyze the specific cost items which remain in dispute.

**I.  Objection I**

The parties agree that Scottsdale is entitled to recover the costs it incurred for serving the Defendants in this case. Morever, the parties agree that Scottsdale's failure to provide information regarding the amount of time required to serve each individual (and/or to document out-of-pocket expenses) limits its recovery to the minimum U.S. Marshals Service fee of $45 for each Defendant served.

In the instant case Scottsdale served, among other Defendants, both Ruth Cochran individually, and Ruth Cochran as the Representative of the Estate of Donald F. Cochran.

Based on the above, Scottsdale argues that it should be entitled to recover $40 (Scottdales's invoice amount, and less than the minimum amount recoverable) for serving Defendant Cochran individually, and $40 for serving Defendant Cochran in her

representative capacity. Defendants argue that since both "persons" were served at the same residence Scottsdale should only recover $40, the cost of serving one of these Defendants.

The Court concludes that Scottsdale is entitled to recover $80 in costs for serving these two Defendants. Importantly, 28 C.F.R. § 0.114(a)(3), discussing the service fees charged by the U.S. Marshals Service, states that fees are to be recovered for "each item served." Here, Scottsdale served two items, and thus should be entitled to recoup the costs of serving both Defendants, which is the amount it actually expended in serving said Defendants.

## II.     Objection II

In its Bill of Costs, Scottsdale seeks to recover costs for the original deposition transcripts of four individuals; Pelkey, Markham, Chandler, and Walker. Defendants do not dispute that such costs would ordinarily be taxable; however, they argue that such costs are not recoverable here since Scottsdale failed to include the page length of each transcript, thus making it impossible to determine whether Scottsdale improperly seeks more than the $3.65 per page rate applicable in the Middle District.

While Defendants' arguments are well taken, Scottsdale has since cured any deficiency by subsequently providing the Court with both the page length for each deposition, and the page rate of $3.65. As a result, Scottsdale should be awarded the original deposition transcript costs for these four depositions.

## III. Objection III

Scottsdale seeks to recover the costs of obtaining both a transcript and a videotaped recording of the deposition of Christopher Inadomi. While Defendants do not dispute that the cost for the transcript of this deposition is properly taxable, they contend that the cost for the videotaped recording is not.

The cost to videotape a deposition may be taxed under § 1920 when the deposition was noticed to be recorded by nonstenographic means, and the prevailing party explains why it was necessary to obtain both a transcript and a videotaped recording of the deposition in question. *Morrision v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 464-65 (11th Cir. 1996); *Ferguson v. Bombardier Servs. Corp.,* 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007).

Here, Scottsdale represents that it provided the required notice to all parties that it would be taking the videotaped deposition of Mr. Inadomi, and Defendants fail to dispute this assertion. Nonetheless, Defendants contend that Scottsdale is not entitled to recover the costs of the videotaped recording because it has not shown that both types of records were necessary.

While Scottsdale failed to argue in its original Bill of Costs why both types of records were necessary, it proceeded to do so in its reply. Specifically, Scottsdale contends that it needed Mr. Inadomi's videotaped deposition in order to make his testimony available for trial since he had moved outside of the subpoena power of the Court and would not be available for trial (his videotaped testimony was later shown at trial). In addition, Scottsdale argues

that it needed Mr. Inadomi's deposition transcript to prepare deposition designations, which were then argued before the Court on the first morning of trial.

Given the above, the Court concludes that Scottsdale has met its burden of showing both records to be reasonable necessary. As a result, Scottsdale should be awarded the costs of both records.

## IV. Objection IV

Scottsdale seeks to be awarded the cost of daily trial transcripts (expedited trial transcripts delivered daily and charged at a significantly higher rate) for the first three days of the four day trial. Defendants contend that this cost should not be taxed.

A district court has the discretion to award the cost of daily trial transcripts only when the length and complexity of the trial make the daily trial transcripts necessary; such costs should not be awarded as a matter of course. *Kearney v. Auto-Owners Ins. Co.,* 2010 WL 1856060, at *3 (M.D. Fla. May 10, 2010); (denying taxation of daily trial transcripts where "[t]his trial, lasting eight days, was not particularly long,"..."[n]or were the issues exceedingly complex," and Defendant "had two lawyers and an experienced paralegal at counsel's table who could have taken notes on the testimony.").

Here, the trial lasted only four days, the issues were not exceedingly complex, and Scottsdale had multiple lawyers present throughout trial who could have taken notes. While Scottsdale's use of the daily trial transcripts may have been convenient (as they would be in any case), the Court concludes that they were not necessary. As a result, the increased costs for the daily trial transcripts should not be taxed. Moreover, the Court declines to award the

costs for the trial transcripts at the regular rate, as it finds that it was not necessary for Scottsdale to have these transcripts.

## V. Objection V

Defendants concede that each witness is entitled to a witness fee of $40 per day; however, they dispute this fee with respect to two witnesses, as Defendants contend that Scottsdale failed to submit any receipt or other documentation indicating payment to these two witnesses.

In its reply, however, Scottsdale directs the Court to two documents in its original Bill of Costs, which this Court takes to be sufficient evidence that Scottsdale paid these two witnesses. Consequently, Scottsdale should be awarded these costs.

## VI. Objection VI

Scottsdale also seeks reimbursement for mileage fees paid to witnesses for travel to depositions and trial, claiming a total amount of $128.68. This Court agrees that such costs should be awarded, as Defendants have failed to show these costs to be unreasonable.

## VII. Objection VII

Scottsdale also claims recovery of costs related to photocopying various documents. Defendants dispute that these costs are recoverable.

Copying costs are only taxable if the "prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W & O,* 213 F.3d at 623. Generally, "'[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)." *Id.* However, "[t]he taxation of costs of photocopying attributable to discovery has been

limited to 'copies of pleadings, correspondence, and other documents tendered to the [opposing party].'" *Ballestero v. Fairfield Resorts, Inc.,* 2008 WL 5111100, at *2 (M.D. Fla. Dec. 4, 2008) ((citing *Fullton Fed. Sav. & Loan Ass'n v. Am. Ins. Co.,* 143 F.R.D. 292, 299 (N.D. Ga. 1991) (quoting *Fressell v. AT & T Tech., Inc.,* 103 F.R.D. 111, 115 (N.D. Ga. 1984)). "'Charges for copies of original documents possessed by the prevailing party are not taxable[,]'...[and] charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable.'" *Id.* (quoting *Fulton Fed. Sav. & Loan Ass'n,* 143 F.R.D. at 299-300).

Importantly, the prevailing party has the burden of establishing entitlement to photocopy expenses, which includes sufficiently describing the nature of the photocopied documents in order to allow the Court to determine which photocopies are properly taxable. *Scelta v. Delicatessen Support Services, Inc.,* 203 F.Supp.2d 1328, 1340 (M.D. Fla. 2002). If a party fails to meet this burden, a court may reject its request for photocopy expenses in its entirety. *Id.* at 1340-41.

Indeed, "[a] party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case...A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Ferguson v. Bombardier Services Corp.,* 2007 WL 601921, at *6 (M.D. Fla. Feb. 21, 2007) (internal citations omitted) (quoting *Helms v. Wal-Mart Stores, Inc.,* 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993).

Here, Scottsdale seeks recovery of the costs of three categories of documents. First, it seeks to recover the photocopying costs for various documents purportedly "made in preparation" for, among other things, various depositions, an expert analysis, mediation, and trial. Problematically, however, Scottsdale includes no information with respect to the *nature* of the documents copied. If these copies were, for example, copies of pleadings, correspondence, and/or other documents tendered to the opposing party, they would be taxable. If, however, these copies constituted extra copies of documents, and/or documents prepared for the convenience, preparation, research, and/or the records of counsel, they would not be taxable. Without any information regarding the *nature* of these copied documents, this Court is simply unable to determine whether these photocopies are properly taxable or not. As it is the prevailing party's duty to show that copying costs are properly taxable, and Scottsdale has failed to meet this duty, it is appropriate to deny Scottsdale's recovery of these copying costs.

Second, Scottsdale seeks recovery of copying costs associated with copying trial exhibits used by counsel and also delivered to the Court. As such copying costs are recoverable, the Court concludes that these costs should be awarded. *See, e.g., Durden v. Citicorp Trust Bank, FSB,* 2010 WL 2105921, at *4 (M.D. Fla. 2010). However, the costs incurred to organize these copies, such as costs for binders and index tabs are not

recoverable.[2] *Durden v. Citicorp Trust Bank, FSB,* 2010 WL 2105921, at *4 (M.D. Fla. Apr. 26, 2010).

Third, Scottsdale seeks recovery for certain copying costs associated with copying the exhibits to the original depositions of certain individuals. The Court concludes that these costs are properly taxable.

## VIII. Objection VIII

Scottsdale also seeks to recover the transportation costs expended in bringing a witness, Mr. Inadomi, from Montana to Tampa. Defendants do not dispute that they are responsible for Mr. Inadomi's reasonable transportation costs; however, they contend that Scottsdale's submitted costs are excessive, and should be reduced. Specifically, Defendants contend that, by booking Mr. Inadomi's flight from Montana to Tampa on a Friday, and his return on a Sunday, Scottsdale purchased an unreasonably expensive ticket, as it would have been cheaper to book both his departing and returning flights on Saturday. Moreover, Defendants contend that Scottsdale unreasonably booked Mr. Inadomi's flight only three days before he was to fly, again making the flight unreasonably expensive.

The Court concludes that Scottsdale's purchase of the Mr. Inadomi's ticket was reasonable. The Court notes that Scottsdale purchased the ticket on the low-cost site travelocity.com, and purchased a ticket with multiple layovers. Thus, it made efforts to be economical.

---

[2] The Court will subtract these costs from Scottsdale's invoice.

Moreover, although it purchased Mr. Inadomi's ticket just three days before his flight, it booked his ticket the same day that the parties communicated by email that Mr. Inadomi should be brought to Tampa. In addition, Scottsdale states that it booked a Friday departure and a Sunday return because it was in accordance with Mr. Inadomi's wishes. Notably, Mr. Inadomi's total travel time on his actual ticket (to and from Tampa) approached eighteen hours, excluding travel time to and from the airport, time for passing through security at the airport, and time for boarding. Thus, Defendants' apparent contention that Mr. Inadomi should have flown in and out of Tampa on Saturday in order to attend his deposition is not reasonable.

Given the above, the Court concludes that Scottsdale's purchase of Mr. Inadomi's ticket was reasonable and that Scottsdale should be reimbursed for the full amount of the plane ticket, the amount Scottsdale actually paid.

## IX. Conclusion

Based on the above, it is appropriate to award Scottsdale its costs as follows: (1) $350.00 for the fee of the clerk; (2) $581.00 in fees for service of summons and subpoenas; (3) $4,899.50 in fees for printed and electronically recorded transcripts; (4) $280 for witness fees; (5) $128.68 for witness mileage fees; (6) $745.67 in copying costs; and (7) $1,601.50 for travel costs for the witness Mr. Inadomi. Summing these costs leads to a total cost award of $8,586.35

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff Scottsdale Insurance Company's Proposed Bill of Costs (Dkt. 212) is granted in part, and denied in part, as set forth herein.

2. The Clerk is directed to enter a **BILL OF COSTS** in favor of Plaintiff Scottsdale Insurance Company, and against all Defendants, jointly and severally, in the amount of $8,586.35.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1329.mfc.frm